UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                        :
UNITED STATES OF AMERICA,        :         CASE NO. 1:08-cr-00315
                                                        :
        Plaintiff,                           :
                                                        :
v.                                                     :         OPINION & ORDER
                                                        :         [Resolving Doc. No. 44]
JAMAR C. JACKSON,                     :
                                                        :
        Defendant.                         :
                                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In January 2009, this Court sentenced Defendant Jamar Jackson to 86 months' imprisonment for possessing cocaine base with an intent to distribute it. Jackson now moves for a reduction in that sentence, *see* 18 U.S.C. § 3582(c)(2); United States Sentencing Commission Guidelines Manual (USSG) § 1B1.10 (2011), pointing out that the Sentencing Commission retroactively reduced the guidelines sentences for cocaine-base offenses. [Doc. 44.] The United States opposes the motion. [Doc. 46.] Because Jackson's sentence was "based on a sentencing range that has subsequently been lowered" and because his requested reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), the Court **GRANTS** Jackson's motion.

I.

        The Court has some authority under 18 U.S.C. § 3582(c)(2) to reduce a previously imposed sentence. In particular, § 3582(c)(2) provides that

Case No. 1:08-cr-315
Gwin, J.

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Accordingly, § 3582(c)(2) authorizes the Court to reduce Jackson's sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

Jackson pleaded guilty to a two-count indictment. Count 1 charged that Jackson had possessed an unregistered firearm. Count 2 charged that Jackson had possessed with an intent to distribute more than 50 grams of cocaine base. The Court sentenced Jackson to 86 months' imprisonment on Count 1, and 86 months' imprisonment on Count 2, to run concurrently.

As an initial matter, the Court observes that Jackson's sentence, at least as it relates to Count 2, *is* "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." Id. At sentencing, the Court set Jackson's base offense level at 30. [Doc. 48, at 10:2-5.] The Court then added two levels based on its finding that Jackson was in possession of an unregistered firearm to assist in his cocaine activity. Id. at 10:6-9. The Court then granted Jackson a three-level reduction for acceptance of responsibility. Id. at 10:10-12. Finally, because Jackson provided substantial assistance to the government, the Court granted him an additional one-level reduction, giving a total offense level of 28. *See* USSG § 5K1.1; 18 U.S.C. § 3553(e). That offense level, when combined with Jackson's criminal-history category of III, yielded an offense-level-and-criminal-history guidelines range of 97 to 121 months' imprisonment. USSG § 1B1.1(7).

Jackson was also subject to a statutory minimum sentence of 120 months' imprisonment.

-2-

Case No. 1:08-cr-315
Gwin, J.

But because this minimum was not greater than the maximum applicable guidelines range (i.e. 121 months), the statutory minimum did not become the guideline sentence. USSG § 5G1.1(b). Instead, the statutory minimum became the "floor" of Jackson's sentencing range, while the maximum applicable guidelines range became the "ceiling." USSG § 5G1.1(c)(2) ("the sentence may be imposed at any point within the applicable guidelines range, provided that the sentence . . . is not *less* than any statutorily required minimum sentence") (emphasis added). Accordingly, Jackson's sentencing range was 120 to 121 months' imprisonment. After finding that Jackson could be sentenced below the statutory mandatory minimum under 28 U.S.C. § 3553(e), the Court sentenced Jackson to 86 months' imprisonment, a term below the sentencing range.

Jackson's sentence on Count 2—the cocaine base charge—then, *is* "based on" his offense-level-and-criminal-history guidelines range of 97 to 121 months' imprisonment. *See Freeman v. United States*, U.S.131 S. Ct. 2685, 2692-93 (2011) (plurality opinion) ("[Section] 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence . . . ."); *Freeman*, 131 S. Ct. at 2700 (Sotomayor, J., concurring) ("To ask whether a particular term of imprisonment is 'based on' a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment. . . . [I]n applying § 3582(c)(2) a court must discern the foundation for the term of imprisonment imposed by the sentencing judge.").

Moreover, Jackson's offense-level-and-criminal-history guidelines range has "subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). *Compare* USSG § 2D1.1 (2009) *with* USSG § 2D1.1 (2011). Were the Court to recompute it today, Jackson would have a

Case No. 1:08-cr-315
Gwin, J.

total offense level of only 24, which, when combined with his criminal-history category of III, would advise 63 to 78 months' imprisonment. Because this new guidelines range is entirely below the statutory minimum sentence of 120 months' imprisonment, Jackson's modified sentencing range now becomes 120 months. USSG §5G1.1(b) ("Where a statutorily required minimum sentence is *greater than* the maximum applicable guidelines range, the statutorily required minimum sentence shall be the guideline sentence) (emphasis added). Therefore, Jackson's sentencing range *has* been lowered, albeit slightly, from 120 to 121 months' imprisonment to 120 months' imprisonment. Accordingly, a reduction is consistent with the Sentencing Commission's policy statements. *See* USSG §1B1.10(a)(2)(B).

The Court pauses to note the irony of Jackson's fortune. Jackson's sentencing range has been lowered only because his maximum applicable guidelines range was *greater than* the statutory minimum sentence. Had Jackson's maximum guidelines range been lower than the 120-month statutory minimum, his sentencing range always would have been the statutory minimum, and he would not be eligible for a sentence modification. *See United States v. McPherson*, 629 F.3d 609 (6th Cir. 2011) (defendant ineligible for sentence modification because sentencing range always was the statutory minimum). Under the current Sentencing Guidelines framework, Jackson actually benefits from his criminal history, which pushed his guidelines range above the statutory minimum and now makes him eligible for a sentence modification. A similar defendant, with a lower criminal history score, would likely be ineligible.

And Jackson's sentence on Count 1—the firearm charge—was likewise "based on" the same sentencing range as Count 2—the cocaine base charge. In Jackson's case, the firearm charge was treated as a specific offence characteristic in the guideline applicable to the cocaine base charge.

Case No. 1:08-cr-315
Gwin, J.

[Doc. 48, at 10:6-9] ("I increase that level by two levels finding that the defendant was in possession of an unregistered machine gun and a sawed-off firearm to assist in the cocaine activity. I therefore increase it by two levels to 32."); *see* USSG § 3D1.2 ("All counts involving substantially the same harm shall be grouped together . . . Counts involve substantially the same harm within the meaning of this rule . . . [w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.").

Accordingly, the firearm charge and the cocaine base charge were grouped together during Jackson's sentencing proceeding, and they remain grouped together today despite the government's argument to the contrary. *Accord* United States v. Tucker, No. 3:10-cr-0070, 2012 WL 1940335 (N.D. Ohio May 30, 2012) (finding defendant's additional firearm sentence based entirely on the cocaine base guidelines); *United States v. Young*, No. 4:06-cr-270 (N.D. Ohio 2012) (altering defendant's sentence for additional firearm charge down to the level authorized by the amended crack cocaine guidelines); *United States v. Mont*, No. 4:05-cr-229 (N.D. Ohio 2012) (reducing the defendant's sentence and agreeing that the court "based [defendant's] sentence for the gun charge on the crack cocaine guidelines").

The transcript of Jackson's sentencing proceeding indicates this Court's unease with the length of his sentence. *See* [Doc. 48, at 21:11-24] ("In terms of retribution I think the sentence need not be as long as the Guidelines recommend. In terms of deterrence I think that a sentence need not be that long to provide sufficient deterrence or to protect the public.") ("I pick the [86] months, I still think that's an extremely high sentence even though it's under the Guideline range . . . ."). Moreover, under 18 U.S.C. § 3582(c)(2), Jackson is eligible for a reduction in his sentence. The Court therefore **GRANTS** Jackson's motion and sentences him to 66 months of incarceration.

Case No. 1:08-cr-315
Gwin, J.

    IT IS SO ORDERED.


Dated: July 25, 2012                         s/       *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE